**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4882**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALFREDO RIOS, a/k/a Alfredo Rios Perez,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-04-142)

———————

Submitted:  October 12, 2005          Decided:  November 8, 2005

———————

Before WILKINSON and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Leslie Carter Rawls, Charlotte, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Alfredo Rios pled guilty to possession with intent to distribute approximately five kilograms of cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (2000). Rios was sentenced to 126 months in prison. He now appeals, arguing that his sentence violates the Sixth Amendment. We affirm.

Rios' presentence report assigned a base offense level of 34 based on more than fifteen kilograms of cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(3) (2003). Three levels were subtracted for acceptance of responsibility. See USSG § 3E1.1. With a total offense level of 31 and a criminal history category of III, Rios' guideline range was 135-168 months.

At sentencing, the district court considered Rios' objections based on Blakely v. Washington, 542 U.S. 246 (2004), to the calculation of the base offense level. The court concluded that Rios was responsible for at least five but less than fifteen kilograms of cocaine and assigned base offense level 32. With the three-level reduction for acceptance of responsibility, Rios' guideline range was 108-135 months. The court sentenced him to 126 months in prison.

On appeal, Rios objects under Blakely and United States v. Booker, 125 S. Ct. 738 (2005), to the district court's determination of the base offense level. Rios contends that his base offense level should have been 30, representing the actual

weight of cocaine (4.8 kilograms) seized from the trunk of his car at the time of his arrest. He notes that he pled guilty to possessing with intent to distribute approximately five kilograms of cocaine.

We discern no Sixth Amendment error. Even if Rios is correct and his base offense level should be 30, his guideline range would be 121-151 months. Because his sentence of 126 months does not exceed the maximum authorized by the facts admitted, there is no Sixth Amendment violation. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED